IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WILLIAM BRANDON CUMMINGS : CIVIL ACTION
:
v. :
:
DONALD BEERE, et al. : NO. 09-cv-0350-JF

MEMORANDUM

Fullam, Sr. J.                                                     January 19, 2010

      Plaintiff, a prisoner, has filed a *pro se* complaint against Donald Beese (whose surname was misspelled on the docket), George Green, and Patricia H. Jenkins.[1] To the extent that Plaintiff's complaint is intelligible, he challenges his criminal conviction as being unconstitutional and seeks relief from his sentence. Plaintiff does not seek any monetary damages.

      Plaintiff has filed a motion to proceed *in forma pauperis*. On March 5, 2009, that motion was denied without prejudice and the case was closed. The Order stated that if Plaintiff filed a statement of his intent to proceed with the lawsuit and incur the $350 filing fee the case would be re-opened.

      In March 2009, Plaintiff submitted a "Declaration in Support of Motion to Proceed In Forma Pauperis" and a

---

[1] Plaintiff previously sued these Defendants in <u>William Brandon Cummings v. Patricia H. Jenkins</u>, Civil Action No. 08-cv-4220. That lawsuit identifies Patricia H. Jenkins as a Judge of the Delaware County Court of Common Pleas, George Green as the Delaware County District Attorney, and Donald Beese as a criminal investigator for the Upper Darby police department.

"Supplemental Amendment to Civil Action Complaint." Because the declaration sufficiently expresses Plaintiff's intent to proceed with the lawsuit, the motion to proceed *in forma pauperis* is granted.

28 U.S.C. § 1915 provides that when a civil action is filed *in forma pauperis*, the Court shall dismiss the action if the case is frivolous. 28 U.S.C. § 1915 (e)(2)(B)(i). This civil action will be dismissed as frivolous because challenges to the validity of a prisoner's confinement must be addressed in an action requesting a writ of *habeas corpus* and not a 42 U.S.C. § 1983 action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).

Even if plaintiff had asserted claims that could be brought in a § 1983 cause of action he does not allege any facts that would support the conclusion that any of the defendants acted unlawfully.

An order will be entered.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.